UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joseph F. Galibois

    v.                                      Civil No. 04-cv-444-JD
                                                               Opinion No. 2007 DNH 064

John Fisher


O R D E R

     Joseph F. Galibois, who is proceeding pro se, moves for reconsideration of part of the court's order granting in part and denying in part John Fisher's motion for summary judgment.[1] Specifically, Galibois contends that the court improperly concluded that Fisher's restriction on Galibois's costume was content-neutral and resolved disputed facts against him. Galibois's motions demonstrate a misunderstanding of the applicable law and the matters that were resolved in the court's previous order. Because trial of this case is scheduled to begin next week, the court is addressing the motions without the benefit of Fisher's response.

---

[1] Galibois moves to alter judgment under Federal Rule of Civil Procedure 59(e). Because judgment has not yet been entered in this case, his motions are deemed to seek reconsideration pursuant to Local Rule 7.2(e).

A.  <u>Content-Neutral</u>

Galibois argues that the court improperly applied the analysis required under <u>Ward v. Rock Against Racism</u>, 491 U.S. 781 (1989), in determining that Fisher's restrictions on his demonstration were content-neutral.  As the court explained in the previous order, the standard for deciding whether a restriction is content-neutral or content-based is "whether the government has adopted a regulation of speech because of disagreement with the message it conveys."  <u>Id.</u> at 791.  "The government's purpose is the controlling consideration."  <u>Id.</u> In contrast, if the restriction merely limits the manner or mode of expressive conduct, it is content-neutral.  <u>Gun Owners' Action League, Inc. v. Swift</u>, 284 F.3d 198, 211 (1st Cir. 2002).

In <u>Frye v. Kansas City, Mo. Police Dep't</u>, 375 F.3d 785 (8th Cir. 2004), the court of appeals upheld the district court's conclusion that police officers' restrictions "on the display of large signs displaying photographs of mutilated fetuses" was not based on the demonstrators' anti-abortion message.  <u>Id.</u> at 790. The police "gave the demonstrators the option of staying by the side of the road if they did not display the large graphic photographs that had distracted motorists or the option of displaying the photographs at a location further from the road."

2

Id.  The court concluded that the police did not restrict the demonstrators' use of their signs to interfere with their message but instead "placed reasonable restrictions on the location of the signs in order to protect public safety." Id.  The court also ruled that demonstrators do not have the right to use the most effective means for presenting their message.  Id. at 791-92; see also Vlasak v. Sup. Ct. of Cal., 329 F.3d 683, 684 (9th Cir. 2003) (holding that ordinance prohibiting wooden objects of certain thicknesses from demonstrations was content-neutral when demonstrator was arrested for carrying "bull hook" in animal rights demonstration).

In this case, Fisher's restriction on Galibois's costume was not for the purpose of altering, limiting, or prohibiting Galibois's anti-Kerry message.  Instead, the restriction was aimed at the manner in which Galibois delivered his message, that is, Fisher restricted that part of the costume which he deemed to be threatening or likely to cause public alarm.[2]  Whether Fisher's restriction on the costume was reasonable, however, meaning narrowly tailored to meet a significant governmental interest while leaving ample alternative opportunities for communication, is a matter for the jury to decide.

---

[2]Galibois confuses the manner of presenting his message with the content of the message.

B.  <u>Factual Issues</u>

Galibois mistakenly assumes that the court found, in ruling that Fisher's restriction was content-neutral, that his demonstration was "threatening behavior" and that Fisher's restriction was necessary to protect public order and the free flow of traffic.  To the contrary, those are factual issues that must be resolved by the jury.  In determining whether the restriction was content-neutral, the court did not consider whether the reasons given for the restriction were true, necessary, or important.  Instead, the court concluded that the restriction did not focus on or impede Galibois's message but instead limited the manner in which he conveyed his message.

At trial, the jury will decide whether Fisher's restriction was reasonable.  In doing so, the jury will consider whether the restriction was narrowly tailored to serve a significant governmental interest and whether there were ample alternative opportunities for Galibois to convey his message.  As part of that process, the jury will hear evidence about Galibois's demonstration and the circumstances that existed at that time and decide whether Galibois's behavior was sufficiently threatening or whether he disrupted traffic to the extent that Fisher's restriction was necessary to preserve public order and was narrowly tailored to serve that purpose.

Conclusion

For the foregoing reasons, the plaintiff's motions for reconsideration (documents nos. 61 and 63) are denied.

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

May 9, 2007

cc:  Brian J.S. Cullen, Esquire
     Joseph F. Galibois, pro se